R. S. &. H. PHILLIPS *vs.* THE COMMERCIAL BANK OF MANCHESTER.

Where the makers of a promissory note had delivered forty bales of cotton to the
holder, in part payment of the note, in the absence of proof of any special con-
tract, it is competent for the makers to prove the market value of the cotton at
the place of delivery.

*Aliter*, had there been a special contract; in such case the makers of the note
would be compelled to abide by it.

IN error from the Holmes circuit court.

The Commercial Bank, of Manchester, sued the defendants in
an action of assumpsit, upon a promissory note, for $2400.

The credit attached to the note was in these words:

"No. 44.    $1236 $\frac{34}{100}$.

" Received on this note $1236 $\frac{34}{100}$, it being proceeds of sales of
forty bales of cotton, shipped on account thereof to Liverpool.

"R. W. MCILHENNY, Teller."

The defendant appeared and plead non assumpsit and set-
off of the value of forty bales of cotton, delivered to the plaintiff
on account of the note, the value of which was equal to the
amount of the note, $2400. To the plea of set-off, the plain-
tiffs replied, that the defendants were not entitled for the forty
bales of cotton to a credit of $2400, but only for the sum of
$1236 $\frac{34}{100}$, which had been allowed them; upon this plea issue
was taken, and the cause submitted to a jury.

Upon the trial of the cause, the plaintiff read the note and
credit annexed, and rested his case. The defendant then offered
to introduce witnesses to prove the value of the forty bales of
cotton, mentioned in the plea of off-set, delivered to the plain-
tiffs at Tchula, in Holmes county, and Manchester, (now Yazoo
city) in Yazoo county, and that the cotton was worth more at
those points than the sum credited on the note. The plaintiffs,
by their counsel, objected to the introduction of the testimony;

Phillips *v.* Commercial Bank of Manchester.

the court sustained the objection, and refused to hear the proof, and exceptions were taken. The jury, brought in a verdict for the plaintiffs for $1525 $\frac{80}{100}$, to revise which this writ of error was prosecuted.

The error assigned here is, the refusal of the court below to admit the testimony offered by the defendants below.

*Fultz* and *Brooke*, for plaintiffs in error.

The error complained of by the plaintiffs in error, is the exclusion of testimony offered by them, to prove that the bank had not given the proper credit on the note sued on, by showing that the cotton admitted to have been delivered, was worth more in Manchester, where the delivery was made, than is represented on the back of the note.

It is not easy to conceive upon what principle the court below excluded this testimony. It is true, that the only evidence the defendants had of the delivery of the forty bales of cotton, was the indorsement on the note; and, as a part of that indorsement, was a statement of the amount for which the cotton sold in Liverpool. But though it is true as a rule of law, that all parts of an admission are to be taken together, and are to go to the jury, yet the jury are not bound to give the same credence to all, and the opposite party is not precluded from showing that a part of said admissions is untrue. See 2 Starkie Ev. 27. "When the only evidence against a party charged with murder, was his own confession, which admitted that he was present at the time, but took no part in the transaction; held, that the whole was evidence for the prisoner, but that the jury might disbelieve any part." 4 Carr. & Payne, 221, cited in the case above referred to. Now in the case at bar, the admission of the plaintiffs below was the reception of forty bales of cotton, which, at the same time is stated, was sold in Liverpool for so much. The whole of this admission or statement, it is acknowledged, must go to the jury; but under the rule as above laid down from the books, it was competent for the defendants to prove that the account of sales was false, and that the proper credit for the forty bales had not been given. To do this the defendants offered to

prove the value of the cotton in Manchester or Yazoo city, where the note was made and the cotton delivered. The record shows no evidence given by the bank that she had authority to send the cotton to Liverpool; and if she did so without authority, and thereby obtained less than could have been had at the place where the contract was made, she acted in her own wrong and must bear the loss.

But in another point of view the court erred, as from the pleadings the evidence offered by the defendants below and rejected by the court, was precisely relevant to the issue. The plea, as shown by the record, is a special plea of offset of forty bales of cotton, worth, as is there stated, sixty dollars per bale. The plaintiff below, in its replication to this plea, admits that the cotton was worth so much by reference to the credit indorsed on the note, thereby making said indorsement part of the replication. This indorsement, as before stated, admits the reception of the cotton—so, of course, the only issue, as presented by the pleadings, is as to the worth of the cotton. The defendants' evidence then, as to that worth, ought clearly to have been admitted. This was the only issue—for, as is shown by the record, the plea of non assumpsit, and a special plea of usury, had been withdrawn before the case went to the jury. The replication referred to is as follows: "And said plaintiff, as to the plea of the said defendants by them secondly · above pleaded, says *precludi non,* because said plaintiff says that the facts alledged in said second plea, were not such as are alledged in said plea, and that said defendants are not entitled to the credits claimed in their said plea, but that the credits said defendants are entitled to are entered upon the back of said promissory note, and of this said plaintiff puts itself upon the county."

*C. F. Hamer,* for plaintiffs.

This replication clearly throws the *onus* of proving the value of the cotton upon the defendants, at the same time that (by reference to the indorsement) it admits the reception of it.

In addition to this, it may be remarked, that the indorsement

of credit on the note was, as is shown by the bill of exceptions here, read by the plaintiff itself to the jury. So that if the court below, in ruling out the defendant's testimony, acted under the impression that all parts of a statement or admission must go together, and are of equal weight; and this impression was correct; yet it would be wrongly applied in the present case, because these admissions were not offered by the defendants below, but by the plaintiffs who made them. It was his testimony, and of course the opposite party had a right to disprove all or any part thereof. The cause, therefore, should be reversed, with instructions to admit the testimony as offered.

*Wilkinson* and *Miles*, for defendants in error.

The evidence offered by the defendants in this cause, to prove the value of forty bales of cotton, was properly excluded, as there had been no previous proofs to serve as a foundation for it; and such has been pronounced to be the law more than once by this court. The credit on the note shows nothing which can serve as a basis for such testimony. It only shows that there had been forty bales of cotton shipped to Liverpool; but it does not appear to whom the cotton was shipped, nor by whom it was received. The recital in the bill of exceptions, that it was delivered to the bank, is neither evidence of the fact, nor that proof was offered to establish the fact.

It will be insisted that the replication of the bank obviates the necessity of such proof; but it is plain that it does not; the replication is as manifest a traverse of all the averments of the plea as language can express.

Mr. Justice CLAYTON delivered the opinion of the court.

The only question in this cause grows out of the rejection of certain testimony, offered by the defendant below, the plaintiff in error.

The suit was brought upon a promissory note, executed to the bank by the defendant, and the counsel of the bank read in evidence to the jury, an indorsement of a credit upon the note for forty bales of cotton, amounting to $1236 $\frac{34}{100}$. The defend-

ants then offered to prove, by several witnesses, that this credit was for too small an amount, and that the forty bales of cotton were worth more than the bank had allowed for them.

We are not aware of any principle upon which this testimony could be properly rejected. No special contract in regard to the price of the cotton was proven. In the absence of such contract the bank was certainly bound to allow the usual market value for it, at the place of delivery. The proof offered was to this very point. The defendant could not be bound to take whatever the plaintiff thought proper to allow. Had there been a special contract, the parties would have been compelled to abide by it.

For this error of the court below, in rejecting the testimony, the judgment will be reversed, and a new trial awarded.